UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CYNTHIA LUCILLE YOHN,

    Plaintiff,

v.

STATE OF OHIO,

    Defendant.

Case No. 2:19-cv-287
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

---

DUSTON LEE SCHARBROUGH,

    Plaintiff,

v.

STATE OF OHIO,

    Defendant.

Case No. 2:19-cv-288
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Currently before the Court are: 1) Plaintiff Cynthia Lucille Yohn's Objection to the Magistrate Judge's Report and Recommendation (*Yohn v. Ohio*, No. 2:19-cv-287 ["*Yohn*"] ECF No. 12); and Plaintiff Duston Lee Scharbrough's Objection to the Magistrate Judge's Report and Recommendation (*Scharbrough v. Ohio*, No. 2:19-cv-288 ["*Scharbrough*"] ECF No. 13). For the reasons stated herein, Plaintiffs' Objections to the Magistrate's Report and Recommendation (*Yohn* ECF No. 12; *Scharbrough* ECF No. 13) are **OVERRULED**; and the above-captioned cases are **DISMISSED WITHOUT PREJUDICE**.

I.

On January 8, 2019, Ms. Yohn and Mr. Scharbrough (collectively the "Plaintiffs") initiated

their cases filing miscellaneous cases and paying the requisite $47 filing fee. However, the Magistrate Judge explained to the Plaintiffs that because they sought injunctive relief against a defendant, the above-captioned cases are properly categorized as civil complaints, which requires a plaintiff to pay a $400 filing fee or to submit a properly supported application to proceed *in forma pauperis*. (*See Yohn* Ord. & Def. Notice [ECF No. 6]; *Scharbrough* Ord. & Def. Notice [ECF No. 7]). Pursuant to the Magistrate Judge's Orders, the Clerk was to: 1) transfer the miscellaneous actions to civil actions; 2) terminate the miscellaneous actions; and 3) return to Plaintiffs the $47 filings fees they had paid. (*Id.*). Further, the Magistrate Judge informed the Plaintiffs that failure to pay the $400 filing fee for civil actions or file a properly supported application to proceed *in forma pauperis* within thirty days of the Orders issued on January 29, 2019, would result in dismissal of their actions for failure to prosecute. (*Id.*). In pertinent part, Magistrate Judge Vascura's Orders and Deficiency Notices state:

> Because Plaintiffs seek injunctive relief against a defendant, they should have filed these actions as civil complaints, which, as set forth above, requires payment of either the $400 filing fee or a properly supported application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914. Miscellaneous cases, which have only a $47 fee, are appropriate for matters such as motions to quash subpoenas issued by other courts, registrations of judgments for another district, and similar miscellaneous matters. A plaintiff cannot circumvent the filing fees required under § 1914(a) by filing an action as a miscellaneous case. Accordingly, the Clerk is **DIRECTED** to transfer the above-caption[ed] actions to regular civil actions in this Court and **TERMINATE** the above-captioned miscellaneous actions. The Clerk is **DIRECTED** to return to Plaintiffs the $47 filing fee they have paid. If Plaintiffs intend to pursue these actions, they must either pay the $400 filing fee or file a properly supported application to proceed *in forma pauperis* **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**. Plaintiffs are cautioned that failure to comply with this Order and Deficiency notice will result in dismissal of this action for failure to prosecute.

(*Yohn* Ord. & Def. Notice at 2; *Scharbrough* Ord. & Def. Notice at 2). The records indicate that Plaintiffs failed to either pay the $400 filing fee or submit an application to proceed *in forma pauperis* as the Court ordered.

On March 4, 2019, the Magistrate Judge issued the Reports and Recommendations and "**RECOMMENDED** that the Court **DISMISS THESE ACTIONS WITHOUT PREJUDICE** under Rule 41(b). It is further **RECOMMENDED** that the Court not assess the filing fee in this matter. Finally, it is **RECOMMENDED** that the Court order Plaintiffs to list these actions as related cases if they re-file." (*Yohn* R&R at 4 [*Yohn* ECF No. 11]; *Scharbrough* R&R at 4 [*Scharbrough* ECF No. 12]). Plaintiffs' objections followed. (*Yohn* ECF No. 12; *Scharbrough* ECF No. 13).

## II.

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

In deciding whether to dismiss an action for failure to prosecute under Rule 41(b), a district court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."

3

*Id.* at 737 (quoting *Knoll*, 176 F.3d at 363) (internal quotations omitted).

### III.

"For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)) (change in original). Failure to comply with a court's orders "constitutes bad faith or contumacious conduct and justifies dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

A review of the dockets shows that Magistrate Judge Vascura unquestionably put Plaintiffs on notice that failure to comply with the Court's Orders would result in dismissal of their actions for failure to prosecute. (*See Yohn* Ord. & Def. Notice at 2; *Scharbrough* Ord. & Def. Notice at 2). Nevertheless, Plaintiffs failed to comply with the Court's Orders. And while the Court is cognizant that the Sixth Circuit has repeatedly "reverse district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that that further noncompliance would result in dismissal[,]" *Wu*, 420 F.3d at 644 (citation and internal quotes omitted), here, the Court has provided Plaintiffs with the requisite notice. (*See Yohn* Ord. & Def. Notice; *Scharbrough* Ord. & Def. Notice).

By ignoring the Court's clear and unambiguous Orders directing them to file their cases as civil actions instead of miscellaneous cases and pay the requisite $400 filing fee for civil actions or returning a properly supported application to proceed *in forma pauperis*, the Plaintiffs, at a minimum, acted with reckless disregard for the effect their conduct has on these proceedings. Accordingly, the Court finds that dismissal of Plaintiffs' actions pursuant to Federal Rule of Civil

Procedure 41(b) is warranted.

### IV.

For these reasons, the Magistrate Judge's Reports and Recommendations (*Yohn* ECF No. 11; *Scharbrough* ECF No. 12) are **ADOPTED**. Plaintiffs' Objections to the Reports and Recommendations (*Yohn* ECF No. 12; *Scharbrough* ECF No. 13) are **OVERRULED**. The above-captioned cases are **DISMISSED WITHOUT PREJUDICE**. The Court shall not assess the filing fee in these matters. If the Plaintiffs re-file, they are **ORDERED** to list these actions related cases. Finally, all pending motions shall be **TERMINATED**.

**IT IS SO ORDERED.**

5-10-2019
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**